**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Bennie C. Rivera

    v.                                    Case No. 21-cv-234-JL

Robert Hazlewood, Warden, FCI-Berlin

**REPORT AND RECOMMENDATION**

Bennie C. Rivera, an inmate at the Federal Correctional Institution in Berlin, New Hampshire ("FCI-Berlin"), has filed a petition for a writ of habeas corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241, seeking this court's review of the validity of his drug trafficking conviction, following a jury trial in 2008 in United States v. Rivera, No. 6:04-cr-00104-JA-LRH-2 (M.D. Fla.).  The petition is before this court to determine whether the claims upon which Mr. Rivera seeks relief are facially valid and may proceed.  See 28 U.S.C. § 2243; LR 4.3(d)(4)(A); Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); see also § 2254 Rule 1(b) (allowing application of § 2254 Rules to any habeas corpus petition).

**Failure to Pay Filing Fee**

Mr. Rivera filed this case without paying a filing fee. This court's March 23, 2021 Order (Doc. No. 2) directed him to pay the $5.00 filing fee or to file a motion to proceed in forma

pauperis.  Mr. Rivera has done neither, despite receiving that notice, which stated that no action would be taken on his claims unless he paid the fee or filed a motion to proceed in forma pauperis.  The court need not decide at this time, however, whether Mr. Rivera's petition should be dismissed because of his inattention to that requirement, as, for reasons stated below, the matter is properly dismissed for lack of jurisdiction.

## Background

Mr. Rivera is presently serving a 240-month sentence for conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and 846, and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a), (b)(1)(A).  United States v. Rivera, 365 F. App'x 200, 200 (11th Cir. 2010); see also Pet. (Doc. No. 1-1, at 4).  He previously filed a post-conviction motion in his criminal case, asserting claims of violations of his federal rights, which the court in the Middle District of Florida denied.  See generally Rivera v. United States, 572 F. App'x 878, 880 (11th Cir. 2014) (affirming order denying motion filed under 28 U.S.C. § 2255).  In his § 2241 petition here, Mr. Rivera seeks an order of release based upon his arguments that the Controlled Substances Act does not apply to him; rather, referring to sections of the Federal Food, Drug, and Cosmetic

2

Act that are not cited in his judgment of conviction, see Pet. (Doc. No. 1-1, at 4), he argues that the pertinent criminal enforcement provisions of the Controlled Substances Act apply only to licensed practitioners (e.g., pharmacists, investigators, dentists, doctors, veterinarians, see 21 U.S.C. § 802(21) (definition of "practitioner")) involved in making, distributing, or dispensing drugs -- a class of professionals to which he states he does not belong.

## Jurisdictional Issues

Claims raised in a post-conviction pleading, asserting the inapplicability of the pertinent federal criminal laws or otherwise challenging the validity of a federal conviction, generally fall within the exclusive jurisdiction of the court where the petitioner was convicted and sentenced, pursuant to 28 U.S.C. § 2255.  Inmates are limited to filing only one such motion under § 2255, unless the court of appeals has granted the inmate leave to file a successive § 2255 motion.  See 28 U.S.C. §§ 2244(a), 2255(h).

Section 2255(e), known as the "savings clause," preserves a limited role for the court in the district where a federal inmate is in prison to consider a § 2241 petition challenging the validity of his incarceration.  See United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999).  The savings clause

provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained . . . unless it . . . appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Relief under the savings clause is not available simply because a petitioner cannot file a successive § 2255 motion. Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008). Instead, section 2255's "adequacy and effectiveness must be judged ex ante." Id. ("post-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification'" (citations omitted)). Courts have exercised savings clause jurisdiction where the Supreme Court has overturned the interpretation of the statute under which the petitioner was convicted so that he or she is no longer guilty of a crime under the new interpretation. See Bailey v. Warden, No. 20-CV-540-JL, 2020 WL 5898790, at *3, 2020 U.S. Dist. LEXIS 184899, at *6 (D.N.H. Sept. 18, 2020) (citing cases), R&R approved, 2020 WL 5894475, 2020 U.S. Dist. LEXIS 184043 (D.N.H. Oct. 2, 2020).

Mr. Rivera's argument that the Controlled Substances Act did not criminalize his acts is based on his own legal theories

4

and does not depend on any cases or other authorities post-dating either his direct appeal or the post-conviction motions he filed in his criminal case. The claims and arguments asserted in the § 2241 petition were all available to Mr. Rivera at the time he litigated those proceedings; he points to no pertinent authority that either previously foreclosed those arguments, or which altered the applicable criminal law after he filed his first § 2255 motion. Cf. Trenkler, 536 F.3d at 99 (§ 2241 petitioner's previous failure to avail himself of opportunity to raise same claims in his first § 2255 motion "in no way detracts from [the] adequacy and effectiveness" of that remedy). Nothing before this court suggests that there has been any miscarriage of justice. Cf. Correa v. United States, No. 92 Civ. 6637 (PKL), 1992 U.S. Dist. LEXIS 18594, at *16, 1992 WL 380555, at *5 (S.D.N.Y. Dec. 4, 1992) ("it is indisputable that [21 U.S.C. § 841] applies to unregistered persons," and not just physicians who are registered). As Mr. Rivera has not shown that the remedy available under § 2255 has been inadequate or ineffective in his case, Mr. Rivera's § 2241 petition is properly dismissed for lack of savings clause jurisdiction.

## Conclusion

For the foregoing reasons, the magistrate judge recommends that:

    (1) the district judge should dismiss Mr. Rivera's § 2241 petition for lack of jurisdiction; and

    (2) the district judge should direct the clerk to enter judgment and close this case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                           */s/ Andrea K. Johnstone*
                                           Andrea K. Johnstone
                                           United States Magistrate Judge

July 12, 2021

cc: Bennie C. Rivera, pro se